IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAHAUA JOSEPH,<br>　　　Plaintiff,<br><br>V.<br><br>TREY WOOD, in his official capacity as<br>Chief Financial Officer of the Texas<br>Health and Human Services Commission<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-668-P |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On August 27, 2025, *pro se* Plaintiff Jahaua Joseph ("Joseph") filed a Second Amended Complaint against Trey Wood, who is allegedly the Chief Financial Officer of the Texas Heath and Human Services Commission ("HHSC").[1] In his Second Amended Complaint, Plaintiff, *inter alia*, alleges the following:

> 8. Plaintiff tendered securities, financial instruments, and explicit instructions to the [HHSC], including applications, declarations, and Power of Attorney, which together constituted a lawful offer of value and trust-backed collateral.
>
> . . . .
>
> 10. Plaintiff's explicit instructions, including the demand for monthly credits and long-term credit-life or equivalent coverage consistent with Plaintiff's original tenders, were ignored. By failing to apply or release the proceeds, Defendant Wood breached his fiduciary obligations to Plaintiff and deprived Plaintiff of the equity and securities generated by Plaintiff's tender.
>
> 11. Defendant's actions and omissions constitute an ongoing violation of federal law and due process, because Plaintiff is continuously denied rightful access to proceeds and benefits generated by Plaintiff's tender.
>
> . . . .

---

[1] Plaintiff states that he is suing Wood in Wood's "official capacity only." (Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 1.)

> 13. The amount of harm is no less than Ten Million Dollars ($10,000,000.00), together with all back pay, monthly payments originally demanded, and the long-term credit-life or equivalent coverage described in Plaintiff's instruments. These sums are sought not as retrospective damages from the State treasury, but as equitable restitution and disgorgement of proceeds wrongfully withheld by Defendant in his fiduciary role. . . .

(Pl.'s Sec. Am. Compl. at 2.) In his Second Amended Complaint, Joseph also incorporates by reference his previously-filed complaints and exhibits. (*See* Pl.'s Sec. Am. Compl. at 2 ("Plaintiff incorporates by reference all prior allegations and exhibits.").)

In his Original Complaint, Plaintiff alleges that, on April 7, 2025, he "submitted a lawful Tender of Payment in the form of a SNAP/TANF application, supported by notarized Power of Attorney, a Fiduciary Affidavit, an Emergency Equity Request, and a formal Demand for Performance." (Plaintiff's Original Complaint ("Pl.'s Orig. Compl.") [doc. 1] at 2.) Plaintiff claims that such submission "functioned as a negotiable instrument and fiduciary instruction under federal and trust law" and that "Defendant refused to execute Accord and Satisfaction, thereby dishonoring the tender and breaching their legal duties." (*Id*. at 3.) Plaintiff further states:

> Your Honor, I was not applying for public assistance—I was initiating a lawful financial transaction backed by trust law, equity principles, and federal financial statutes. I tended a complete legal instrument package, including my notarized Power of Attorney, a sworn fiduciary affidavit, emergency instructions, and a formal demand—all submitted in good faith and in full performance.
>
> Under the Uniform Commercial Code, the Truth in Lending Act, and federal fiduciary law, these instruments are enforceable—not discretionary. They placed your agency in a fiduciary position with a legal duty to execute or rebut. I made a specific financial request for federal trust disbursements held for my benefit. The agency's silence, refusal to act, and failure to return the instrument constitutes breach, dishonor, and constructive fraud.

(Pl.'s Orig. Compl. at 3-4.)

In his First Amended Complaint, Plaintiff alleges, "Plaintiff's applications and tenders operate as security collateral under 15 U.S.C. § 1605 and Section 16 of the Federal Reserve Act."

(Plaintiff's First Amended Complaint ("Pl.'s First Am. Compl." [doc. 15] at 2.)  Plaintiff claims that "Defendant accepted fiduciary custody but failed to perform by issuing only minimum SNAP, denying TANF, and retaining use of Plaintiff's estate without accounting."  (*Id.*)

In an order dated August 6, 2025, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") [doc. 11].  Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

In this case, based on Plaintiff's Original, First, and Second Amended Complaints, Joseph appears to believe that he is entitled to receive benefits through the Supplemental Nutrition Assistance Program ("SNAP") and Temporary Assistance for Needy Families ("TANF") program in the amounts that he requests, solely because he sent in various self-created and signed documents demanding such benefits.  Nowhere in Plaintiff's Complaint does he articulate a coherent legal claim capable of satisfying Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6). The rambling Second Amended Complaint, as well as his previously filed complaints, lacks an arguable basis in law because the facts alleged are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted).  Accordingly, the Court **FINDS and**

**CONCLUDES** that this case should **DISMISSED**, *sua sponte*, for being frivolous as well as for failing to state a claim on which relief can be granted. *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888-89 (5th Cir. 2021) (stating that a district court may dismiss a complaint for failure to state a claim *sua sponte* as long as the procedure is fair or as long as the plaintiff has alleged his best case).

Because he appears *pro se*, Joseph's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, however, Joseph has already been allowed to file a total of three complaints. Thus, it is clear that Plaintiff has pled his best case, and no amount of liberal construction could manufacture a viable legal claim. *See Miller*, 986 F.3d at 888-89.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** for being frivolous and for failure to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed

factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 23, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 9, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE